

SR/DF: USAO 2012R00131

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM 12 CR 0379 |
| | * | |
| OLUWASEUN SANYA, | * | (Conspiracy to Commit Access Device |
| | * | Fraud, 18 U.S.C. § 1029(b)(2); |
| Defendant | * | Forfeiture, 18 U.S.C. § 1029(c), |
| | * | 18 U.S.C. § 982) |
| | * | |
| | * | |

*******

## INFORMATION

### COUNT ONE

The United States Attorney for the District of Maryland charges that:

Beginning in at least 2010 through at least June 2012, in the District of Maryland and elsewhere, the defendant,

**OLUWASEUN SANYA,**

did knowingly conspire, combine, confederate, and agree with **Dimitria Limnios**, Co-Conspirator A, Co-Conspirator B, and others known and unknown to the United States, to effect transactions, knowingly and with intent to defraud, with one or more access devices issued to another person or persons to receive payment and any other thing of value, during any one-year period, the aggregate value of which was equal to or greater than $1,000, in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 1029(a)(5), and engaged in conduct in furtherance of such offense.

18 U.S.C. § 1029(b)(2)

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further charges that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1029(c), and Title 18, United States Code, Section 982, in the event of the defendant's conviction on Count One of this Information.

2. As a result of the offense set forth in Count One of this Information, the defendant,

**OLUWASEUN SANYA,**

shall forfeit to the United States of America all property, real and personal, (a) which was used or intended to be used to commit the offense, or (b) which constitutes and is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, the following:

    a. A sum of money equal to the value of the proceeds of the charged offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), including the following specific property: one black Range Rover HSE (VIN: SALMF114X4A158426).

18 U.S.C. § 1029(c)
18 U.S.C. § 982

                                                    *Rod J. Rosenstein /SR*
                                                   Rod J. Rosenstein
                                                   United States Attorney

Date: July 11, 2012