**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4306**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

OLUWASEUN SANYA,

Defendant - Appellant.

─────────────

**No. 15-4574**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

OLUWASEUN SANYA,

Defendant - Appellant.

─────────────

Appeals from the United States District Court for the District
of Maryland, at Greenbelt.  Theodore D. Chuang, District Judge.
(8:12-cr-00379-TDC-1; 8:13-cr-00121-TDC-1)

─────────────

Submitted:  May 31, 2016              Decided:  June 14, 2016

─────────────

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

———————————————

Kenneth E. McPherson, KENNETH E. MCPHERSON, CHTD, Riverdale, Maryland; Gregory Dolin, Catherine Florea, Marie Langlois, UNIVERSITY OF BALTIMORE, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Sujit Raman, Chief of Appeals, Greenbelt, Maryland, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oluwaseun Sanya appeals from the sentences imposed upon resentencing after he pleaded guilty to conspiracy to commit access device fraud, access device fraud, and aggravated identity theft in two related cases.  In a first appeal, this court ruled that the district court impermissibly participated in plea negotiations on the charges of access device fraud and aggravated identity theft.  We vacated those convictions and both sentences and remanded for further proceedings.  United States v. Sanya, 774 F.3d 812, 814, 821-22 (4th Cir. 2014).  On remand, the cases were assigned to a new district court judge and deconsolidated.  In the conspiracy to commit access device fraud case, the guilty plea remained intact and the court sentenced Sanya to 90 months of imprisonment.  In the case vacating the remaining convictions, the parties again entered into a plea agreement and the court sentenced Sanya to 81 months and one day of imprisonment, all to run consecutively to the previous 90-month sentence.  Sanya appeals the sentences imposed on both cases.  Counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief challenging the criminal judgment in the access device fraud and aggravated identity theft convictions. Counsel found no meritorious issues related to the judgment but questioned whether the plea agreement was supported by a factual

3

basis and whether the consecutive sentence was reasonable. Finding no error, we affirm.

We first address the 90-month sentence imposed for conspiracy to commit access device fraud. Sanya argues that the Government presented false and misleading testimony when Detective Mengedoht testified that all the transactions on the "Limnios spreadsheet" were captured on video surveillance. He also contends that the Government presented losses above what was agreed to in the plea agreement. The Government argues that every transaction on the Limnios spreadsheet could be traced to direct video or photographic evidence, as the detective testified that the transactions were all related to at least credit card numbers used by co-conspirators at that location on the same day. Thus, the Government argues, the court was justified in relying upon the Government's loss spread sheets.

Sanya's argument is two-fold. First, whether the evidence presented in the loss spreadsheets was misleading or false and, further, violated the plea agreement. And, second, whether the court erred in relying on the information. Sanya did not object to the use of the challenged spreadsheets at resentencing, therefore we review the claim for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). Although Sanya contends that the use of false or misleading evidence implicates his due process rights and should be reviewed de novo, see Napue v.

4

Illinois, 360 U.S. 264, 271 (1959), because Sanya did not articulate any objection on these bases for the district court to rule upon, we review for plain error.

We conclude that the court did not plainly err in considering Detective Mengedoht's testimony and the relevant amount of loss spreadsheets. It is clear from the record that the court was aware that the detective did not have video footage of conspirator Limnios making each transaction on the contested spreadsheets, but the record reflects that the court was aware of the type of evidence supporting the transactions. We therefore find no plain error resulting in the violation of Sanya's due process rights and, further, that the testimony was not misleading when viewed as a whole.

Sanya also argued that the Government breached the plea agreement because it introduced evidence and argued for an amount of loss exceeding that stipulated to in the plea agreement. Sanya's statement of facts in the plea agreement originally stated "hundreds of thousands of dollars" of loss was involved and that Sanya directed "hundreds" of fraudulent transactions. (J.A. 22, 24). This quantitative language was eventually stricken from the agreement.

Sanya's argument alleges that the stricken language in the statement of facts bound the Government not to argue that Sanya was involved with hundreds of thousands of dollars of loss and

5

hundreds of fraudulent transactions.  This is simply not the case.  In fact, the plea agreement contemplated the Government's ability to advocate for losses in excess of $400,000, and stated the Government had the right to bring to the court's attention all relevant information regarding Sanya's conduct.  The Government in fact did argue for losses over $400,000, without objection by trial counsel that it was in violation of the plea agreement.  This argument is patently frivolous.  In summary, after reviewing the entirety of the record at resentencing, we are not convinced that the court plainly erred in considering the contested testimony and transactions on the spreadsheets.  There is no false or misleading testimony or violation of the plea agreement evident in the record when viewed as a whole.  Thus, we find no plain error on these related arguments.

Next, we consider the reasonableness of the sentence imposed for the conspiracy to commit access device fraud.  This court reviews any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard."  United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 51 (2007).  The first step in procedural reasonableness review is to evaluate the district court's Sentencing Guidelines calculations.  Gall, 552 U.S. at 51.  With regard to the calculation of the

Guidelines range, we "review the [sentencing] court's factual findings for clear error, its legal conclusions de novo, and unpreserved arguments for plain error." United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012) (internal citations omitted).

Sanya only challenges the calculation of loss. The sentencing court "need only make a reasonable estimate of the loss." USSG § 2B1.1 cmt. n.3(C); see United States v. Keita, 742 F.3d 184, 192 (4th Cir. 2014) (recognizing that the loss amount "need not be determined with precision" (internal quotation marks omitted)). We conclude that the court was justified in relying upon the Government's loss spreadsheets. As Mengedoht's testimony revealed, every transaction on the Limnios spreadsheet could in some way be linked to direct video/photographic evidence. In the vast majority of instances, Detective Mengedoht had direct video evidence of Limnios (or one of the known conspirators) using a stolen credit card number. In the remainder of the transactions, where he did not have direct video evidence of the particular fraudulent transaction conducted by Limnios, the detective did have direct evidence of one of the conspirators using that particular stolen account number at a different time.

This court's decision in United States v. Keita is soundly controlling in this case. The facts of Keita are significantly

similar to the facts of this case regarding loss. In Keita, a jury convicted the defendant of various charges related to credit card and debit card fraud. 742 F.3d at 186. At sentencing, the investigating detective produced a spreadsheet detailing Keita's fraudulent transactions, "including the dates, the locations, the credit card numbers used, the amounts charged, and the banks associated with the credit card numbers." Id. at 192. The detective "noted that videotape surveillance showed [Keita] conducting many of the listed fraudulent transactions, and that other losses were traced through the stolen credit card information found on [Keita's] laptops." Id. As this Court observed: "Regardless, each loss attributed to Defendant was ultimately supported by videotape evidence; [as the detective] explained, '[i]f I had no video of the transaction and I could not associate that credit card number with one where we did have [video], then I . . . didn't count it and did not put it on the spreadsheet.'" Id.

Here, as in Keita, the losses attributed to Sanya on the Limnios spreadsheet reflected transactions captured on video, or transactions associated with credit card numbers where investigators did have video. On the record at resentencing, we conclude that the loss amount is established by a preponderance of the evidence. The court did not abuse its discretion in imposing the sentence.

Next, we turn to the Anders challenge to Sanya's sentence for the access device fraud and aggravated identity theft convictions.  First, counsel raises and immediately rejects the question of whether a factual basis supported the guilty plea because Sanya admitted the factual basis for his plea.  Sanya's sentence of 57 months on Count 1 was within the properly calculated Sentencing Guidelines range.  The sentence of 24 months and 1 day imposed on Count 2 is mandated by the statute and not within the court's power to vary.  See 18 U.S.C. § 1028A(b) (prohibiting courts from sentencing individuals convicted under this section to probation, imposing concurrent sentences, or reducing other sentences in light of the conviction under this section).

Sanya agreed with the sentencing recommendation contained in the PSR.  The sentence imposed by the court tracked the PSR's recommendation, except that instead of requiring that the 41 months of the sentence attributable to the underlying conviction for violating 18 U.S.C. § 1029(a)(2) run concurrent to the sentence imposed in No. 1:12-CR-00379-TDC-1, the court ordered that it be run consecutively.

The district court must adequately explain its sentence to allow the appellate courts to engage in a meaningful review. Gall, 552 U.S. at 51.  The district court's explanation of the sentence imposed was adequate.  The court specifically explained

9

why it is imposing a consecutive rather than concurrent sentence. The court's reasoning satisfied the procedural requirement that a sentencing court not expressly reject a policy articulated by Congress or the Sentencing Commission or consider an improper basis when imposing a sentence. See United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006). Accordingly, it does not appear that the court committed any error in imposing a 57-month term of imprisonment on Count 1 and a 24 months and 1 day term of imprisonment on Count 2, to run consecutive to the term on Count 1.

The consecutive sentences were proper. Sentencing judges "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose. . . ." Setser v. United States, 132 S. Ct. 1463, 1468 (2012). Further, the Guidelines state that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment." USSG § 5G1.3(d). The Guidelines provision calling for a required concurrent rather than consecutive sentences does not govern here. See id. § 5G1.3(b) (requiring that a sentence run concurrent to the undischarged term of imprisonment if the undischarged sentence "resulted from another offense that is

10

relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3").

Sanya did not object when the PSR concluded that § 5G1.3(d) rather than § 5G1.3(b) applied. Further, "given the advisory nature of the Sentencing Guidelines, a district court has no obligation to impose a concurrent sentence, even if § 5G1.3(b) applies." United States v. Nania, 724 F.3d 824, 830 (7th Cir. 2013). We conclude there is no error in imposing the sentences consecutively.

Sanya's Anders brief also suggests that the sentence be reviewed to determine whether it suffers from vindictiveness for successfully mounting his first appeal. "Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." North Carolina v. Pearce, 395 U.S. 711, 725 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989). "When a sentencing court imposes a more severe sentence on remand, the reasons for the court doing so must affirmatively appear." United States v. Williams, 444 F.3d 250, 254 (4th Cir. 2006) (internal citations and quotations omitted).

It does not appear that the sentence imposed was vindictive. Although prior to his first appeal, the court

11

sentenced Sanya to concurrent rather than consecutive terms of imprisonment, on remand the court chose to impose consecutive terms of imprisonment rather than concurrent terms. Sanya's total sentence, however, was reduced from 212 months to 171 months and 1 day of imprisonment. And, as counsel notes, the court explicitly refused to impose a sentence that would in effect negate Sanya's prior appellate victory. Thus the sentence is not tainted with vindictiveness for succeeding on his first appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in 15-4574 and have found no meritorious issues for appeal. We therefore affirm Sanya's conviction and sentence in that appeal. This court requires that <u>Anders</u> counsel inform Sanya, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanya requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanya. We also affirm Sanya's judgment in 15-4306.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

12